## PARKES v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. January, 1902.)

1. APPEAL—EVIDENCE.
On appeal from a judgment dismissing an action for negligence in placing an obstruction in a street, on the ground that there was not sufficient evidence to connect defendant with the act complained of, plaintiff is entitled to the most favorable inferences that may be drawn from the evidence.

2. STREETS—NEGLIGENCE—QUESTIONS FOR JURY.
In an action for an injury resulting from defendant's negligence in placing an obstruction in a street, it is for the jury to determine whether the act of placing an iron bar in the street in such a position that plaintiff came in contact therewith was negligence.

Appeal from trial term.

Action by Albert L. Parkes against the Metropolitan Street Railway Company. Plaintiff appeals from a judgment dismissing the case. Reversed.

Argued before O'DWYER and CONLAN, JJ.

Eugene F. Seymour (John Vernon Bouvier, Jr., of counsel), for appellant.

Henry A. Robinson (John T. Little, Daniel W. Patterson, of counsel), for respondent.

O'DWYER, J. The complaint was dismissed at the close of the plaintiff's case, upon the ground that:

"Plaintiff has failed to establish a cause of action. He has given no evidence which connects the defendant with the accident complained of; no evidence that the defendant, or its agents or employés, had knowledge of the iron bar, or that they used the same; and that there is no evidence of notice to the defendant of the condition of affairs complained of."

Upon this appeal plaintiff is entitled to the most favorable inferences that may be drawn from the evidence, and, upon a careful consideration thereof, we are of opinion that a finding that defendant was responsible for the presence in the street of the iron bar which caused the accident to plaintiff can be fairly predicated thereon. The respondent, in its brief, does not seek to sustain the dismissal of the complaint on the particular ground upon which it was dismissed, but urges that the act of placing the iron bar in the street was a perfectly innocent one; that it could not be apprehended by any reasonable man that an injury to a passenger transferring at Fifty-Ninth street would result therefrom, inasmuch as the transfer point was from 30 to 50 feet south of the manhole. The iron bar, in the position in which plaintiff came in contact with it, caused the accident, and whether or not the act of so placing it was negligent is for the jury to determine. Judgment and order appealed from reversed, and new trial ordered, with costs to appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.

CONLAN, J., concurs.